## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELA AND GIUSEPPE MARUCCI, on behalf of themselves and others similarly situated, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>CAWLEY & BERGMANN, LLP; and FFIF-ACM OPPORTUNITY FUND VI, LLC, )<br><br>Defendants. ) | **Civil Action No.**<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

### NATURE OF ACTION

1.     This class action lawsuit is brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Pursuant to 28 U.S.C. § 1391(b), venue is proper before this Court because the acts and transactions giving rise to Plaintiffs' action occurred in this district,  Plaintiffs reside in this district, and Defendants transact business in this district.

### PARTIES

4.     Plaintiffs Angela and Giuseppe Marucci ("the Maruccis") are natural

persons who at all relevant times resided in the State of New Jersey, County of Morris, and City of Whippany.

5.     The Maruccis are "consumers" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant Cawley & Bergmann, LLP ("C&B"), is an entity which at all relevant times was engaged, by use of the mail and telephone, in the business of attempting to collect a "debt" from the Maruccis, as that term is defined by 15 U.S.C. § 1692a(5).

7.     C&B is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.     Defendant FFIF-ACM Opportunity Fund VI, LLC, ("the Opportunity Fund") is an entity that acquires debt for the purposes of collecting it and which at all relevant times was engaged in the business of attempting to collect a debt from the Maruccis.

9.     The Opportunity Fund is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10.     The Maruccis are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than C&B.

11.     The Maruccis' obligation or alleged obligation arose from a Best Buy credit card ("the Debt") used for personal, family, or household purposes.

12.     Upon information and good faith belief, Best Buy sold the Debt to the Opportunity Fund, which hired C&B to collect it.

13.     C&B uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14.     C&B, according to information on its Web site (http://www.cawleyandbergmann.com), is "a debt collection company specializing in the recovery of charged off consumer debt purchased by our clients."

15.     In connection with collection of the Debt, on behalf of itself and  the Opportunity Fund, C&B sent the Maruccis an initial written communication on August 13, 2012 ("the Initial Communication"). *See* Collection Letter from C&B, attached as Exhibit "A."

16.     The Initial Communication states that the amount of the Debt is $1,984.37. *Id.*

17.     The Initial Communication does not state that the Debt is accruing interest, the interest rate interest at which the interest is accruing, or the portion of the Debt that is principal and the portion of the Debt that is accrued interest or other fees. *Id.*

18.     Upon information and belief, the Debt is accruing interest.

19.     On October 24, 2011, the Debt was $1,894.75. *See* Collection Letter from Praxis Financial Solutions, Inc., attached  as Exhibit "B."

20.     The Initial Communication would lead the least sophisticated consumer to believe that payment of the amount stated would satisfy the Debt,

when, in fact, the consumer would still owe the additional interest that had accrued since the date the Initial Communication was generated.

21.     The Initial Communication therefore falsely represents the character, amount, or legal status of the Debt, as prohibited by 15 U.S.C. § 1692e(2)(A).

22.     The Initial Communication also fails to state the amount of the Debt, as required by 15 U.S.C. § 1692g(a)(1).

23.     C&B failed to state the amount of the Debt within five days of the Initial Communication.

24.     Upon information and belief, C&B's debt collection practice is largely automated and utilizes standardized form letters or templates.

25.     Upon information and belief, C&B, as a pattern and practice, sends written communications to consumers in an attempt to collect debts for its clients, itself, and on behalf of the Opportunity Fund, that are substantially similar or materially identical to the Initial Communication in that they fail to state that the debt is accruing interest and falsely represent the character, amount, or legal status of the debt.

26.     Upon information and belief, the Initial Communication was based on a standardized debt collection letter that C&B, itself and on behalf of the Opportunity Fund, sent to a large number of New Jersey consumers from whom C&B attempted to collect debts over the one year before this complaint was filed.

## CLASS ACTION ALLEGATIONS

27.     The Maruccis repeat and re-allege each and every allegation above.

28.     The Maruccis bring this action on behalf of themselves and all others similarly situated. Specifically, the Maruccis seek to represent two classes of individuals defined as:

> (a) All persons located in the State of New Jersey to whom C&B sent, within one year before the date of this complaint and in connection with the collection of a consumer debt, an initial written communication that is substantially similar or materially identical to the August 13, 2012 correspondence that C&B sent to the Maruccis in that it falsely represents the character, amount, or legal status of the Debt, as prohibited by 15 U.S.C. § 1692e(2)(A).

> (b) All persons located in the State of New Jersey to whom C&B sent, within one year before the date of this complaint and in connection with the collection of a consumer debt, an initial written communication that is substantially similar or materially identical to the August 13, 2012 correspondence that C&B sent to the Maruccis in that it fails to state the amount of the debt in violation of 15 U.S.C. § 1692g(a)(1), and to whom C&B did not send a written notice stating the amount of the debt within five days after the initial communication.

29.     The proposed class specifically excludes the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United State Court of Appeals for the Third Circuit and the United States Supreme Court, all officers and agents of Defendants, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

30.     The class is averred to be so numerous that joinder of members is

impracticable.

31.   The exact number of class members is unknown to the Maruccis at this time and can only be ascertained through appropriate discovery.

32.   The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by C&B.

33.   There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented.  These common questions of law and fact dominate over questions that may affect individual class members.  Such issues include, but are not limited to: (a) the existence of C&B's identical conduct particular to the matters at issue; (b) C&B's violations of the FDCPA; (c) the Opportunity Fund's liability under the FDCPA for C&B's conduct; (d) the availability of statutory penalties; and (e) attorneys' fees and costs.

34.   The Maruccis' claims are typical of those of the class they seek to represent.

35.   The Maruccis' claims and of the class originate from the same conduct, practice, and procedure on the part of C&B. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

36.   The Maruccis possess the same interests and have suffered the same injuries as each class member. The Maruccis assert identical claims and seek identical relief on behalf of the unnamed class members.

37.     The Maruccis will fairly and adequately protect the interests of the class and have no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

38.     The Maruccis are willing and prepared to serve this Court and the proposed class.

39.     The Maruccis' interests are co-extensive with and not antagonistic to those of the absent class members.

40.     The Maruccis have retained the services of counsel who are experienced in consumer protection claims as well as complex class action litigation, will adequately prosecute this action, and will assert, protect, and otherwise represent the Maruccis and all absent class members.

41.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

42.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof, and legal theories, would also create and allow the existence of inconsistent

and incompatible rights within the class.

43.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that C&B has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

44.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

45.    Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## DEFENDANT C&B

46.    The Maruccis repeat and re-allege each and every allegation above.

47.    The FDCPA at section 1692e(2)(A) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general

application of the foregoing, the following conduct is a violation of this section:

\* \* \*

(2) The false representation of—(A) the character, amount, or legal status of any debt….

15 U.S.C. § 1692e(2)(A).

48.     C&B violated 15 U.S.C. § 1692e(2)(A) by failing to state that the Debt was accruing interest.

49.     In addition, or in the alternative, C&B violated 15 U.S.C. § 1692e(2)(A) by stating the amount of the Debt as a single sum rather than providing Plaintiff with a breakdown of the Debt's accrued interest and other fees.

50.     In addition, or in the alternative, C&B violated 15 U.S.C. § 1692e(2)(A) by failing to state whether the Debt was subject to the accrual of interest and other charges.

51.     In addition, or in the alternative, C&B violated 15 U.S.C. § 1692e(2)(A) by failing to state whether the Debt had accrued interest and other charges.

52.     In addition, or in the alternative, C&B violated 15 U.S.C. § 1692e(2)(A) by failing to state the amount of interest and other charges that had accrued on the Debt.

53.     In addition, or in the alternative, C&B violated 15 U.S.C. § 1692e(2)(A) by failing to state how or when the amount of the Debt had been calculated.

54.     Plaintiff—or, the least sophisticated consumer—could reasonably conclude that the amount of the Debt that C&B attempted to collect from Plaintiff would not be subject to further interest, late fees, or other charges.

55.     C&B, as a matter of pattern and practice, sends debt collection letters to consumers that misrepresent the character, amount, or legal status of their debts.

WHEREFORE, the Maruccis pray for relief and judgment, as follows:

a)  Determining that this action is a proper class action, certifying the Maruccis as class representatives under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)  Adjudging that C&B violated 15 U.S.C. § 1692e(2)(A);

c)  Awarding the Maruccis, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding the Maruccis reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k;

e)  Awarding the Maruccis any pre-judgment and post-judgment interest as may be allowed under the law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## DEFENDANT OPPORTUNITY FUND

56.     The Maruccis repeat and re-allege each and every allegation above.

57.     The Opportunity Fund, by virtue of its status as a "debt collector" under the FDCPA, is liable for the actions of C&B, the debt collector it retained to collect an alleged debt from the Maruccis on its behalf.

WHEREFORE, the Maruccis pray for relief and judgment, as follows:

a)  Determining that this action is a proper class action, certifying the Maruccis as class representatives under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)  Adjudging that C&B violated 15 U.S.C. § 1692e(2)(A);

c)  Adjudging that the Opportunity Fund is liable for C&B's conduct;

d)  Awarding the Maruccis, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k;

e)  Awarding the Maruccis reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k;

f)  Awarding the Maruccis any pre-judgment and post-judgment interest as may be allowed under the law; and

g)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
### VIOLATION OF 15 U.S.C. § 1692g(a)(1)
### DEFENDANT C&B

58.     The Maruccis repeat and re-allege each and every allegation above.

59.     Under 15 U.S.C. § 1692g(a)(1), debt collectors are required to send consumers a written notice containing the amount of the debt within five days after the initial communication with the consumer in connection with the collection of any debt.

60.     C&B violated 15 U.S.C. § 1692g(a)(1) when it sent the Initial Communication, which did not state the amount of the Debt because it failed to state that the Debt was accruing interest, and where it did not send a written notice stating the amount of the Debt within five days after the initial communication.

61.     In addition, or in the alternative, C&B violated 15 U.S.C. § 1692g(a)(1) when it sent the Initial Communication, which stated the amount of the Debt as a single sum rather than providing Plaintiff with a breakdown of the Debt's accrued interest and other fees, and where it did not send a written notice stating the amount of the Debt within five days after the initial communication.

62.     In addition, or in the alternative, C&B violated 15 U.S.C. § 1692g(a)(1) when it sent the Initial Communication which failed to state whether the Debt was subject to the accrual of interest and other charges, and where it did not send a written notice stating the amount of the Debt within five days after the initial communication.

63.     In addition, or in the alternative, C&B violated 15 U.S.C. §

1692g(a)(1) when it sent the Initial Communication which failed to state whether the Debt had accrued interest and other charges, and where it did not send a written notice stating the amount of the Debt within five days after the initial communication.

64.     In addition, or in the alternative, C&B violated 15 U.S.C. § 1692g(a)(1) when it sent the Initial Communication which failed to state the amount of interest and other charges that had accrued on the Debt, and where it did not send a written notice stating the amount of the Debt within five days after the initial communication.

65.     In addition, or in the alternative, C&B violated 15 U.S.C. § 1692g(a)(1) when it sent the Initial Communication which failed to state how or when the amount of the Debt had been calculated, and where it did not send a written notice stating the amount of the Debt within five days after the initial communication.

66.     C&B, as a matter of pattern and practice, does not send a written notice to consumers stating the amount of the debt within five days after the initial communication with the consumer in connection with the collection of a debt.

WHEREFORE, the Maruccis pray for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying the Maruccis as class representatives under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that C&B violated 15 U.S.C. § 1692g(a)(1);

c) Awarding the Maruccis, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding the Maruccis reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k;

e) Awarding the Maruccis any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF 15 U.S.C. § 1692g(a)(1)**
**DEFENDANT OPPORTUNITY FUND**

67.     The Maruccis repeat and re-allege each and every allegation above.

68.     The Opportunity Fund, by virtue of its status as a "debt collector" under the FDCPA, is liable for the actions of C&B, the debt collector it retained to collect an alleged debt from the Maruccis on its behalf.

WHEREFORE, the Maruccis pray for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying the Maruccis as class representatives under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that C&B violated 15 U.S.C. § 1692g(a)(1);

c) Adjudging that the Opportunity Fund is liable for C&B's conduct;

d) Awarding the Maruccis, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k;

e) Awarding the Maruccis reasonable attorneys' fees and costs incurred in this action; and

f) Awarding the Maruccis any pre-judgment and post-judgment interest as may be allowed under the law;

g) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

79. The Maruccis are entitled to and hereby demand a trial by jury.

Dated: August 13, 2013                     Respectfully submitted,

 /s/ Jeanne Lahiff
Jeanne Lahiff, Esq
NJ Bar No. 003700
*Weisberg & Meyers, LLC*
410 High Street, Suite 2
Cranford, NJ 07016-3025
(888) 595-9111 ext. 511
 (866) 842-3303 (fax)
 JLahiff@attorneysforconsumers.com

*Please send correspondence to the address below:*

*Weisberg & Meyers, LLC*
Attorneys for the Maruccis
5025 N. Central Ave. #602
Phoenix, AZ 85012